UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW            Date: June 3, 2022
Title: Garo Agop Armenian, *et al.* vs. Michael Baliacas, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE**

      The court has reviewed Plaintiffs' Request for Extension of Time to Serve in the Declaration of Garabed Kamarian ("Request"), (Dkt. 27,) the First Amended Complaint filed June 3, 2022, (Dkt. 28,) and the record in this case, including Plaintiff's prior requests for extension of time to serve and the court's Orders to Show Cause. (*See* Dkts. 11-12, 21-24.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

      Based on the state of the record as applied to the applicable law, the court finds that Plaintiffs have not sufficiently demonstrated good cause to extend service. Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading."). Accordingly, Plaintiffs effectively amended the complaint as a matter of course on June 3, 2022. (*See* Dkt. 28).

      However, the record reflects a previous Order to Show Cause was issued based on Plaintiffs' failure to effectuate service. (*See* Dkt. 11.) Plaintiffs were then granted two extensions of time to respond to the Order to Show Cause. (*See* Dkts. 22, 24.) The record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:20-cv-08289-FWS-MRW      Date: June 3, 2022
Title: Garo Agop Armenian, *et al.* vs. Michael Baliacas, *et al.*

demonstrates Plaintiffs did not file a response, nor did they effectuate service. (*See generally* Dkt.). Plaintiffs' filing of an amended pleading does not remedy these issues. *See Larrison v. Ocean Beauty Seafoods, LLC*, 2021 WL 2646450, at *1-2 (W.D. Wash. June 28, 2021) (granting plaintiffs' motion for leave to amend and subsequently ordering plaintiffs to show cause explaining why the matter should not be dismissed for failure to prosecute). Accordingly, the court **DENIES** Plaintiffs' Request for Extension of Time to Serve.

The court hereby resets the previous Order to Show Cause, (*see* Dkts. 11, 22, 24,) and **ORDERS** the plaintiffs to show cause why this action should not be dismissed for lack of prosecution. In response to this Order to Show Cause, the court will accept the following no later than **JULY 28, 2022**:

- **By Plaintiffs: Proofs of Service on Defendants or Applications for the Clerk to Enter Default**

Any request by Plaintiffs for an extension of time beyond the limit set forth by the OSC will only be granted upon a showing of good cause, which shall include, but should not be limited to, statements of the date service was tendered to a process server and the date service was first attempted by the process server. The court cautions Plaintiffs that providing these dates alone may be insufficient for the court to find good cause to grant another extension of time absent a concrete, persuasive showing of good cause. The failure to timely file a Proof of Service, or request an extension of time to do so supported by sufficient good cause, will result in the dismissal of this action.

Alternatively, Plaintiffs may file applications for the Clerk to enter default as to those defendants who have not timely responded to the Complaint.

- **By Defendants: Responsive Pleading to the Complaint or Joint Stipulation**

Defendants must file a responsive pleading to the Complaint. Alternatively, the parties may jointly file an appropriate stipulation to extend the time within which defendants must respond to the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW                              Date: June 3, 2022
Title: Garo Agop Armenian, *et al.* vs. Michael Baliacas, *et al.*

The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause by **JULY 28, 2022,** may result in the dismissal of this action.  **IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku