_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW            Date: August 15, 2022
Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

         Not Present                                  Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE**

**I.      Background**

      On September 10, 2020, Plaintiff Garo Agop Armenian and Plaintiff Mesrop Nagapetyan (collectively, "Plaintiffs") filed a complaint alleging several causes of action against Defendant Michael Baliacas, Defendant Delta Gestion Spain SL, also known as ("aka") Secretariat Direction, Defendant Jounas Halinen, Defendant Imperial Investment Market Holding, aka Administration Imperial Holding, aka Trading Center Imperial Holding (collectively "Defendants"). (Dkt. 1). On November 19, 2020, the court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution because Plaintiffs had not adequately served Defendants by that date. (Dkt. 11.) The court specified that Plaintiffs could discharge this order by filing proof of service or applying to the Clerk to enter default by December 9, 2020. (*Id.*) On December 8, 2020, Plaintiffs requested the court extend the time to file proof of service by 60 days because the COVID-19 pandemic affected Plaintiffs' ability to locate an "international serving company" as needed to serve Defendants located in Spain and Hong Kong. (Dkt. 12 at 1-2.) The court granted Plaintiffs' request and extended the time to respond to the Order to Show Cause until February 8, 2021. (Dkt. 13.)

      On January 28, 2021, Plaintiffs requested an additional nine-month extension of the time allotted to serve Defendants based on a foreign process server's estimate of the time required to

**CIVIL MINUTES – GENERAL**                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW　　　　　　　　　　　　Date: August 15, 2022
Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

effect service in accordance with the Hague Convention in Spain and Hong Kong.  (Dkt. 21.)  Plaintiffs supported this request with a declaration from Plaintiff's counsel's assistant and emails between Plaintiffs' counsel and the foreign process server.  (*See* Dkt. 21 at 2-4; 5-31.)  The court also granted this extension and ordered that Plaintiffs respond to the Order to Show Cause no later than November 9, 2021.  (Dkt. 22.)

　　　The docket reflects no action on the part of Plaintiffs until November 8, 2021.  (*See generally* Dkt.)  On that date, Plaintiffs submitted another declaration from Plaintiffs' counsel's assistant requesting that the court extend the time to serve by seven months.  (Dkt. 23.)  In support of their request, Plaintiffs provided two declarations, one from a foreign process server and another from Plaintiffs' counsel's legal assistant, indicating Plaintiffs had both paid the foreign process server to serve Defendants in Hong Kong and Spain and obtained a translator, but faced additional delays because of restrictions related to the COVID-19 pandemic and the foreign process server's temporary illness.  (*Id.* at 2-3.)  The court granted Plaintiffs' request and ordered Plaintiff to respond to the Order to Show Cause no later than June 9, 2022.  (Dkt. 24.)

　　　On April 20, 2022, this case was transferred to this court.  (Dkt. 25).  The docket reflects no action on the part of Plaintiffs between November 2021 and June 2022.  (*See generally* Dkt.)  On June 1, 2022, Plaintiffs filed a fourth request for an extension of time to serve Defendants.  (Dkt. 27.)  Plaintiffs requested an additional seven to nine months to serve because the foreign process server was "informed by the Hong Kong courts that ANY reference to Hong Kong within the a [sic] document to be served MUST identify Hong Kong as 'Hong Kong, S.A.R., China' or the documents will be rejected."  (*Id.* at 1-2.)  Plaintiffs provided no other reason for the requested extension.  (*See generally id.*)

　　　On June 3, 2022, Plaintiffs filed a First Amended Complaint ("FAC") alleging several causes of actions against Defendants.  (Dkt. 28.)  That same day, the court issued a minute order denying Plaintiffs' request for an extension of time to serve for lack of good cause; acknowledging the filing of Plaintiffs' First Amended Complaint under Federal Rule of Civil

**CIVIL MINUTES – GENERAL**　　　　　　　　　　　　　　　　　　　　　　　2

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08289-FWS-MRW | Date: August 15, 2022 |
| Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.* | |

Procedure 15(a); and resetting the order to show cause.  (*See* Dkt. 30.)  In the minute order, the court noted that Plaintiffs' filing of an amended pleading did not remedy its service issues.  (*Id.* at 2.)  Thus, the court ordered Plaintiffs to file proof of service on Defendants or applications for the clerk to enter default by July 28, 2022.  (*Id.*)  The court also cautioned Plaintiffs that failure to either timely file proof of service or request an extension of time to serve supported by sufficient good cause would result in dismissal of the action.  (*Id.*)

On June 9, 2022, Plaintiffs filed a one-paragraph declaration from Plaintiffs' counsel requesting the court "to appoint [process server] as international service of process."  (Dkt. 32 (stating "my office received a request to submit a Proposed Order asking the Court to appoint [process server] as the International Service of Process to be able to serve the Defendants Internationally").)  The court denied this order on June 13, 2022, because Plaintiffs did not sufficiently demonstrate the legal basis for the request.  (*See* Dkt. 34.)

On July 18, 2022, Plaintiffs filed another declaration from Plaintiffs' counsel and a foreign process server, along with a translated version of the FAC in Spanish.  (Dkt. 35.)  Plaintiffs requested that the foreign process server be appointed "service of process agent to submit a request for Hagque [sic] Service to the Central Authority for Hong Kong."  (*Id.* at 1.)  Plaintiffs filed an accompanying proposed order on July 25, 2022.  (Dkt. 36.)  On July 27, 2022, the court denied Plaintiffs' request without prejudice because Plaintiffs' Motion failed to: (1) "comply with the Federal Rules of Civil Procedure and the Central District of California's Local Rules"; (2) "state the grounds for seeking the order with sufficient particularly as required by Federal Rule of Civil Procedure 7(b)"; and (3) "cite any legal authority entitling Plaintiffs to the requested relief or include a memorandum with points and authorities as required by Local Rule 7-5."  (Dkt. 37 at 3-4.)

Plaintiffs did not submit any additional documents before the order to show cause deadline expired on July 28, 2022.  (*See generally* Dkt.)  On August 2, 2022, the court ordered Plaintiffs to appear for a hearing on August 11, 2022, at 10:00 a.m. to show cause why this action should not be dismissed for lack of prosecution (the "Hearing").  (Dkt. 38.)  Plaintiffs did

| | |
|---|---|
| **CIVIL MINUTES – GENERAL** | 3 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW                                   Date: August 15, 2022
Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

not make an appearance at the Hearing. (*See* Dkt. 39.) During the Hearing, the court noted: (1) there was a noticed hearing for August 11, 2022, set for 10:00 a.m.; (2) the courtroom deputy called Plaintiffs' counsel of record at approximately at 11:08 a.m., but Plaintiffs' counsel did not answer the phone; and (3) as of 11:11 a.m. there had been no appearance by the applicable party. (*Id.*) The court then took this matter under submission on August 11, 2022.[1] (*Id.*)

## II.     Legal Standard

District courts may sua sponte dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."). In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" *Neal v. Reslan*, 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)) (internal quotation marks omitted). "In a case involving sua sponte dismissal, however, the fifth . . .

---

[1] The court notes that the docket reflects no additional submissions or activity by Plaintiffs as of the time this order was issued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW                              Date: August 15, 2022
Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

factor regarding the availability of less drastic sanctions warrants special focus." *Carpenter v. Riverside Sheriff's Off.*, 2022 WL 3082995, at *2 (C.D. Cal. Aug. 3, 2022) (citing *Hernandez*, 138 F.3d at 399). "The district court is not required to make explicit findings on the essential factors." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).

### III. Discussion

As a preliminary matter, the court notes that neither Federal Rule of Civil Procedure 4(m) nor Ninth Circuit precedent proscribe a time limit to serve defendants located in a foreign country. *See* Fed. R. Civ. P. 4(m) (stating "subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)"); *Miyasaki v. Treacy*, 2014 WL 6687321, at *4 (N.D. Cal. Nov. 24, 2014) ("The Ninth Circuit has never specifically imposed any time limit on serving a foreign defendant."). However, other circuit courts and district courts within the Ninth Circuit have held courts may still set reasonable time limits for service in a foreign country. *See, e.g.*, *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (stating "the amount of time allowed for foreign service is not unlimited"); *Zehavi v. Reef*, 2019 WL 917423, at *2 (N.D. Cal. Feb. 25, 2015) ("[A] court may impose a reasonable time limit for service upon a foreign defendant when complying with the Hague Convention."); *Baja Dev., LLC, v. TSD Loreto Partners*, 2009 WL 276250, at *2 (D. Ariz. Aug. 28, 2009) (imposing "reasonable" limit of 120 days to serve foreign defendant after plaintiff failed to explain delay in service).

"Moreover, a court may dismiss a suit if service in a foreign country is not pursued in a diligent fashion." *United States v. Eisenmann Se*, 2021 WL 2073814, at *1 (N.D. Cal. Apr. 20, 2021) (citation and internal quotation marks omitted) (dismissing plaintiffs' case for failure to meet a court-ordered service deadline); *see also Gines Dominguez v. Osorio*, 2018 WL 745822, at *5 (C.D. Cal. Oct. 18, 2018) (dismissing plaintiffs' claims for failing to serve foreign defendants after two years); *City Drinker, Inc. v. Kodali*, 2014 WL 12608565, at *1 (C.D. Cal. Dec. 10, 2014) (dismissing plaintiffs' claims for failing to serve foreign defendants after one year); *Feliz v. MacNeill*, 2012 WL 3590808, at *3-4 (1st Cir. Aug. 22, 2012) ("The federal rules

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-08289-FWS-MRW | Date: August 15, 2022 |
| Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.* | |

give no specific time limit on service outside of the United States, but courts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory.").

In this case, the court previously imposed several reasonable limits on Plaintiffs' time to effectuate service. (*See* Dkts. 11, 13, 22, 24, 30.) Because Plaintiffs failed to adequately comply with these limits, the court finds Plaintiffs have not demonstrated sufficient diligence in serving Defendants. Accordingly, the court will analyze whether the case should be dismissed under the *Henderson* factors.

In this case, the court finds the first two factors—public interest in expeditious resolution of the ligation and the court's need to manage its docket—weigh in favor of dismissal. The court observes that Plaintiffs have failed to adequately demonstrate proof of service on Defendants since initiating this action nearly two years ago. Plaintiffs also failed to comply with the Order to Show Cause, despite receiving three prior extensions of time. (*See* Dkts. 13, 22, 24.) The court notes that the Ninth Circuit has stated that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.2d 983, 990 (9th Cir. 1999). The court's need to manage its docket similarly weighs in favor of dismissal. The court finds that Plaintiffs' failure to prosecute or follow court orders "hinders the [c]ourt's ability to move this case toward disposition and suggests Plaintiff[s] do[] not intend to litigate this action diligently." *Carpenter*, 2022 WL 3082995, at *2; *accord Ash*, 739 F.2d at 494 ("District judges are best situated to decide when delay in a particular case interferes with docket management and public interest.").

The court also finds the third factor—risk of prejudice to the defendants—weighs in favor of dismissal. The Ninth Circuit has stated:

> [T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure . . . . The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice

**CIVIL MINUTES – GENERAL**                                                              6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW            Date: August 15, 2022
Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

occurred, that factor should be considered when determining whether the trial court exercised sound discretion.

*In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

     Here, Plaintiffs have not presented sufficient evidence indicating the delay resulting from their failure to prosecute did not prejudice Defendants. Plaintiffs also have not provided sufficient explanation of what actions they took to attempt to serve Defendants during the preceding two years. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (finding plaintiff unreasonably delayed the action because he provided "no clear explanations of what actions he really took during the relevant time periods"). Accordingly, because Plaintiffs have not rebutted the presumption of actual prejudice or explained the unreasonable delay, the court concludes this factor weighs in favor of dismissal.

     The fourth factor—the public policy favoring disposition of cases on their merits—almost always weighs against dismissal. *See Hernandez*, 138 F.3d at 399. However, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, the court finds that Plaintiffs have not moved towards a disposition on the merits at a reasonable pace by failing to effect service on Defendants despite court orders to that effect and repeated extensions of time to do so. Accordingly, the court concludes that the public policy favoring dispositions on the merits is outweighed by the other factors.

     Finally, the court finds the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal because "the court has already attempted less drastic alternatives." *Botelho v. Monetary Mgmt. of Cal., Inc.*, 2022 WL 3142110, at *2 (E.D. Cal. Aug. 5, 2022). Here, the court provided substantial time for Plaintiffs to effectuate service. The court granted three of Plaintiffs' requested extensions, providing Plaintiffs with a substantial period of time from when the Complaint was filed on September 10, 2020, to effect service on Defendants. (*See* Dkts. 1, 13, 22, 24.) Despite these extensions and resulting time periods, Plaintiffs did not

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:20-cv-08289-FWS-MRW                       Date: August 15, 2022

Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

provide adequate proof of service or sufficiently demonstrate diligent attempts to serve Defendants so as to comply with the Order to Show Cause.

The court also provided Plaintiffs with sufficient notice that this case may be dismissed for failure to prosecute. The record reflects that the court previously issued two orders to show cause in this action based on Plaintiffs' failure to prosecute. (*See* Dkts 11, 30.) In both orders, the court notified Plaintiffs that failure to comply with the order may result in dismissal. (*See* Dkt. 11 at 2 ("Failure to timely file a Proof of Service, or request an extension of time to do so, will result in the dismissal of this action on **DECEMBER 10, 2020**."); Dkt. 30 at 3 ("Failure to respond to the Order to Show Cause by **JULY 28, 2022**, may result in the dismissal of this action.").) After Plaintiffs failed to comply with these orders, the court also provided Plaintiffs with an additional opportunity to explain why this action should not be dismissed for failure to prosecute at the Hearing. (*See* Dkt. 38.) Plaintiffs did not appear at the Hearing and could not be reached by phone. (*See* Dkt. 39.)

Given the court's repeated warnings and Plaintiffs' numerous opportunities to respond to the Order to Show Cause, the court finds that less drastic sanctions are not reasonably available or warranted in this case. *See Ash*, 739 F.2d at 497 ("[Plaintiff] was notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case. [Plaintiff] failed to respond to the notice in any way. It was not an abuse of discretion for the district court to decide the disinterest exhibited by [Plaintiff] in relation to the notice was indicative of his interest in the entire case."). Accordingly, the court concludes this factor weighs in favor of dismissal.

Because factors one, two, three, and five weigh strongly in favor of dismissal, the court **DISMISSES** the case **WITHOUT PREJUDICE**.

### IV. Disposition

For the reasons set forth above, **IT IS HEREBY ORDERED THAT** judgment be entered **DISMISSING** the case **WITHOUT PREJUDICE**.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08289-FWS-MRW　　　　　　　　　　　　　　　　Date: August 15, 2022
Title: Garo Agop Armenian *et al.* vs. Michael Baliacas *et al.*

The Clerk shall serve this minute order on the parties.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk:  mku